UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 12-20399
                                                          Hon. Victoria A. Roberts

ROGER GREGORY WINBORN,

    Defendant.
_____/

## ORDER DENYING MOTION TO VACATE JUDGMENT AND GRANT NEW TRIAL (DOC. 18)

**I. Introduction**

On October 30, 2012, Defendant Roger Winborn went to trial. A jury convicted him on one count of distribution of a controlled substance, in violation of 21 U.S.C. § 841 (a)(1). A major piece of evidence against him was his own confession, given and signed after he waived his Miranda rights.

Defendant filed a Motion to Vacate Judgment and Grant New Trial under Federal Rule of Criminal Procedure 33. He argues that the relief requested is in order because a witness not available during his trial, Pia Gholston-Nelson (Defendant's wife), is now available to testify on Defendant's behalf.

Defendant's motion is **DENIED**.

**II. Analysis**

Federal Rule of Criminal Procedure 33 is the rule governing motions for new trials:

1

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> (b) Time to File.
>
> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>
> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33.

Defendant does not claim to have new evidence. Rather, on the first morning of trial, defense counsel said that Ms. Gholston-Nelson was prepared to testify at her husband's trial until she was intimidated into not testifying by her father. Defense counsel never revealed the substance of the testimony Ms. Gholston-Nelson would give. She had not been subpoenaed. Counsel for Defendant said that he might need the Court's assistance. The Court asked Mr. Rohl what would he have the Court do. He asked about having the "Marshal secure her presence," then said he would try to get her subpoenaed. Counsel for the Government said if that happened, Gholston-Nelson could be arrested and brought in if she failed to respond to the subpoena. At that point, defense counsel said he would try to subpoena Ms. Gholston-Nelson, and would keep the Court posted.

At the close of the first day of evidence, counsel for Defendant told the Court that Ms. Gholston-Nelson's brother was present in the court room. He, along with counsel for

2

both parties, met in chambers. He told the Court about his sister's nervousness and that she and her father feared she could face criminal charges if she testified. At that point, the Court contacted the Federal Defender Office and arranged for counsel to speak to Ms. Gholston-Nelson through her brother. Defense counsel did not object to this.

The following morning, counsel for Defendant told the Court:

> MR. ROHL: Your Honor, I appreciate the frank discussion we had in chambers yesterday. It's my understanding as a consequence of that, my client's wife did in fact speak to a lawyer and was advised not to appear and we don't have her as a witness today unfortunately. I'm also not going to present my client for evidence on the stand.

There was no more discussion of Ms. Gholston-Nelson as a witness.

Defendant now submits Ms. Gholston-Nelson's affidavit in support of his motion, and says that she could testify that at the time he gave his statement, he was under the influence of drugs; that she could testify concerning the effects of Hydrocodone intoxication; confirm that Defendant was unable to appreciate his rights when he gave his incriminating statement to the police; and, she would have told the jury that Defendant needed pain killers as a result of injuries suffered in a car accident. Further, Ms. Gholston-Nelson says she would have testified that she herself was addicted to drugs and many drugs were in their home.

Defendant intimates in his brief that the Court denied him a continuance to secure this testimony. This is not true; Defendant never requested a continuance. He never subpoenaed the witness and he acquiesced in her not testifying after she had a conversation with her court-appointed attorney.

Aside from this, however, and as the Government points out, it is difficult to

3

determine the relevancy of Ms. Gholston-Nelson's testimony. She was not present when law enforcement executed a search warrant at Defendant's home and she would have no way of knowing the circumstances under which his statement was given at the Oakland County jail. Other testimony she supposedly would have offered would have been her own drug usage and the presence of drugs in their home, none of which is relevant to the charge Defendant faced. She also could not have testified concerning the effects of Hydrocodone intoxication -- she is not a medical expert.

Defendant was on trial for distribution of drugs, and his drug usage -- and his wife's drug usage -- and the effect drugs had on them -- are not relevant to the elements of that offense. None of Ms. Gholston-Nelson's proposed testimony would have been relevant and would not have been admitted. *See generally* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

To the extent Defendant suggests that the Court blocked his right to present Ms. Gholston-Nelson's testimony, her proposed testimony was not known to the Court, defense counsel never subpoenaed the witness, declined the Court's offer to assist, and acquiesced in Ms. Gholston-Nelson's decision to not testify on the advice of counsel. None of the case law cited by Defendant in his brief is applicable.

Defendant fails to establish that Ms. Gholston-Nelson would have provided relevant, material testimony, and there is no evidence that the Court interfered with his right to present her as a witness. *See United States v. Theresius-Filippi*, 918 F.2d 244, 247 (1st Cir. 1990); *see also United States v. Pinson*, 542 F.3d 822 (10th Cir. 2008);

*United States v. Desena*, 287 F.3d 170 (2d. Cir. 2002). Accordingly, there is no violation of Defendant's constitutional rights.

### III. Conclusion

Defendant's Motion to Vacate Judgment and Grant New Trial is **DENIED**.

**IT IS ORDERED.**

                                            /s/ Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: January 11, 2013

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 11, 2013.

S/Linda Vertriest
Deputy Clerk

---